Action was commenced on December 6, 1948, for damages resulting from injuries sustained by the plaintiff Oliver C. La Duke in a fall on December 24, 1946. *Page 287 
At the conclusion of the testimony the trial court, upon motion of the defendant, Northern States Power Company, directed a verdict in its favor and thereupon entered judgment dismissing plaintiff's complaint upon its merits. From this judgment plaintiff appeals.
At the time of the accident the plaintiff was a journeyman electrician employed by C. R. Stocks Electric Company at the Lakeside Aluminum Company plant. The defendant, Northern States Power Company, maintained upon the property of the Aluminum Company a bank of three transformers which rested upon a channel iron suspended some distance above the ground between two power poles. The Power Company supplied electric energy from its substation to the primary side of these transformers at the rate of 2,300 volts. The transformers reduced the current which was taken off the secondary side at approximately 460 volts to supply energy to a soybean plant which occupied property adjacent to the Aluminum Company property.
The Power Company furnished power to the Aluminum Company which came directly from the Power Company's substation. The conduit or wooden frame, which was referred to by counsel as a raceway, was some distance above the ground and parallel to the ground from the Aluminum Company plant to a point a short distance from the transformer, where it descended perpendicularly to the ground.
The plaintiff was engaged in running some conduit for the Aluminum Company, and which he was attaching by brackets to the underside of the raceway. He had proceeded from the plant to the end of the raceway near the transformer. He then set up his ladder against one of the poles of the Power Company and climbed to the top of the ladder, either to work from that position or to get on top of the raceway to connect and attach additional conduit. While in that position he reached out and touched the channel iron with one hand to balance himself while holding to the raceway *Page 288 
with the other. A charge of current went through him, causing him to fall to the frozen ground and resulting in serious injuries.
Plaintiff's testimony was that a ground wire ran from the channel iron down along one of the supporting poles, which wire in normal operation was attached to a coppered and welded rod driven six or eight feet into the ground; that if connected, it would render the transformers and channel iron dead; that before placing the ladder plaintiff inspected the ground wire which descended into a wooden molding eight feet long extending three or four inches into the ground, and that he concluded the wire was grounded.
Milton Sjuggerud, plaintiff's foreman, testified that on the morning of the 26th of December he and two other employees of Stocks Electric Company checked the ground wire and found that it was disconnected from the grounding rod and coiled in the hole — the coil covered by a board; that they checked the ground wire with a voltmeter and found it was carrying 375 volts; that in the absence of defect it should carry an amount which would hardly register.
August Bracht, on behalf of defendant, testified that the company had experienced some difficulty with the system at the soybean plant and that the ground wires were disconnected sometime after Christmas.
The trial court, in dismissing the complaint, held:
(1) That the transformers and poles of the Power Company were not a public building and were not a place of employment as defined in sec. 101.01, Stats.;
(2) That plaintiff did not have express or implied permission of the defendant to place his ladder against the transformer-supporting pole and brace of said company or to climb thereon, and was a trespasser in so doing;
(3) That plaintiff failed to exercise ordinary care for his own safety in failing to examine the connection between the ground wire and the electrode prior to his injury, which failure was a proximate cause of his injury; *Page 289 
(4) That if the defendant disconnected the ground wire in question prior to the time of the injury to the plaintiff and left it disconnected without a sign or warning, its negligence in that respect was no greater than the negligence of the. plaintiff.
It appears from the record that the plaintiff sought to establish his case upon the theory that the safeplace statute applied.
We are of the opinion the trial court correctly held that the safe-place statute did not apply. The place of plaintiff's employment was the Aluminum Company and the duty to maintain it according to the statutory standards rested upon the Aluminum Company.
We conclude, however, that the trial court was in error in holding that the plaintiff was a trespasser upon the defendant Power Company's poles. As a workman on the Aluminum Company property he was an invitee with permission to go wherever his tasks led. The Power Company, being apparently a licensee of the Aluminum Company, cannot claim that plaintiff was a trespasser and therefore a wrongdoer in coming in contact with its poles which rested on Aluminum Company property where plaintiff had a right to be.
In Meyer v. Menominee Marinette L. T. Co. (1912),151 Wis. 279, 285, 138 N.W. 1008, a boy of fourteen was killed when he touched wires while, with other boys, atop a lumber pile over which defendant's wires ran. The company contended that the boy was a trespasser to whom it owed *Page 290 
no duty. This court, in sustaining a judgment in favor of plaintiff, said:
"But whether deceased in the instant case was a bare licensee or invitee when upon the lumber pile, if defendant knew or ought to have known that boys of his age were accustomed to be there, it was chargeable with due care in the management of its poles, wires, and current so as to protect children and others who might be expected to be there from injury, and was bound to anticipate that some injury might result to some one in consequence of the location and condition of the wires."
The same may be said of the defendant here with even more force. Whether it placed its transformers after the Aluminum Company erected its raceway or whether the raceway was erected subsequently, the defendant must have had knowledge of their close proximity and should have anticipated that the Aluminum Company might engage workmen in the maintenance of its electrical conduits who might come in contact with the Power Company equipment. It was its duty to maintain its equipment in a safe condition.Dansbery v. Northern States Power Co. (1926),188 Wis. 586, 206 N.W. 882; Erikson v. Wisconsin Hydro-ElectricCo. (1934), 214 Wis. 614, 254 N.W. 106.
The questions of whether the ground wire was detached and the relative negligence of the plaintiff and the defendant are for the jury.
By the Court. — Judgment reversed and cause remanded for a new trial.
BROADFOOT, J., took no part. *Page 291